Filed 9/1/22  P. v. Neal CA2/1

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION ONE

| | |
|---|---|
| THE PEOPLE, | B314245 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. BA267060) |
| v. | |
| JULIUS LAMAR NEAL, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Eleanor J. Hunter, Judge.  Appeal dismissed.

————————————

Brian C. McComas, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

————————————

In 2008, a jury convicted defendant and appellant Julius Lamar Neal of two counts of first degree murder (Pen. Code, § 187),[1] four counts of willful, deliberate, and premeditated attempted murder (§§ 187, 664, subd. (a)), and one count of assault with a firearm (§ 245, subd. (a)(2)).  The jury also found that Neal personally used a firearm causing great bodily injury or death (§ 12022.53, subd. (d)) as to the murder counts and two of the attempted murder counts.  As to the two remaining attempted murder counts, the jury found that Neal personally discharged a firearm.  (§ 12022.53, subd. (c).)  In addition, the jury found true two multiple-murder special circumstance allegations.  (§ 190.2, subd. (a)(3).)  The trial court sentenced Neal to two consecutive terms of life in prison without the possibility of parole, plus 128 years to life, plus 40 years.  We affirmed the convictions on appeal.  (*People v. Neal* (Apr. 23, 2009, B208022) [nonpub. opn.].)

In 2018, the Legislature enacted Senate Bill No. 1437 (2017−2018 Reg. Sess.), which abolished the natural and probable consequences doctrine in cases of murder, and limited the application of the felony murder doctrine.  (See *People v. Gentile* (2020) 10 Cal.5th 830, 842–843.)  The legislation also enacted section 1170.95, now renumbered section 1172.6, which established a procedure for vacating murder convictions for defendants who could no longer be convicted of murder because of the changes in the law and resentencing those who were so convicted.  (Stats. 2018, ch. 1015, § 4, pp. 6675–6677.)  In 2021, the Legislature enacted Senate Bill No. 775 (2021−2022 Reg. Sess.) (Stats. 2021, ch. 551), which, among other changes, extended the application of then section 1170.95 to defendants convicted of attempted murder under the natural and probable consequences doctrine.

---

[1] Subsequent statutory references are to the Penal Code.

In April 2021, Neal filed a petition for resentencing under then section 1170.95. The trial court appointed counsel to represent him. On July 19, 2021, the superior court found that Neal had failed to make a prima facie case for resentencing and denied the petition on the ground that "Neal was the actual killer."

Neal appealed, and we appointed counsel to represent him. Neal's attorney filed a brief raising no issues and requesting that we follow the procedures set forth in *People v. Wende* (1979) 25 Cal.3d 436. Counsel provided Neal with a copy of the record and the brief, and informed him that he had the right to file a supplemental brief. We sent Neal a letter with the same information. We have received no response.

When a defendant's appointed counsel files a brief raising no issues in an appeal of a denial of postconviction relief,[2] we follow the procedures set forth in *People v. Serrano* (2012) 211 Cal.App.4th 496 (*Serrano*): We are not obligated to review the record independently to determine whether there are any arguable issues on appeal. (*Cole, supra*, 52 Cal.App.5th at p. 1039, review granted.) The defendant has a right, however, to file a supplemental brief. (*Ibid*.) If he does so, "the Court of Appeal is required to evaluate any arguments presented in that brief and to issue a written opinion that disposes of the trial court's order on the merits." (*Id*. at p. 1040.)

If, however, the appellant is given the opportunity to file a supplemental brief and does not do so, we may dismiss the

---

[2] This is in contrast to the filing of a brief raising no issues in a direct appeal of a criminal conviction, in which case we follow the procedures set forth in *Wende* and independently evaluate the record to determine whether there are any nonfrivolous arguments to be addressed on appeal. (*People v. Cole* (2020) 52 Cal.App.5th 1023, 1031 (*Cole*), review granted Oct. 14, 2020, S264278.)

appeal as abandoned.  (*Cole, supra*, 52 Cal.App.5th at p. 1039, review granted; accord, *People v. Figueras* (2021) 61 Cal.App.5th 108, 112−113, review granted May 12, 2021, S267870; see also *Serrano*, supra, 211 Cal.App.4th at p. 503.)  "This is because the order appealed from is presumed to be correct [citation], and in the absence of any arguments to the contrary, ineluctably leads to the conclusion that the appellant has not carried his or her burden of proving otherwise." (*Cole, supra*, 52 Cal.App.5th at pp. 1039–1040, review granted.)

Because Neal did not file a supplemental brief after being given the opportunity to do so, we deem the appeal abandoned and, therefore, dismiss the appeal.  (See *Cole, supra*, 52 Cal.App.5th at p. 1040, review granted; *Serrano, supra*, 211 Cal.App.4th at pp. 503−504.)

**DISPOSITION**

The appeal is dismissed.

<u>NOT TO BE PUBLISHED</u>.

ROTHSCHILD, P. J.

We concur:

CHANEY, J.

KELLEY, J.*

---

*\* Judge of the Los Angeles County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.*